# COVER SHEET

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF KANAWHA COUNTY WEST VIRGINIA
**Aric Stutler v. West Virginia Division of Corrections and Rehabilitation**

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**Judge:** Richard D. Lindsay

## COMPLAINT INFORMATION

**Case Type:** Civil  **Complaint Type:** Other

**Origin:** ☑ Initial Filing  ☐ Appeal from Municipal Court  ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☑ Yes  ☐ No  **Case will be ready for trial by:** 2/23/2026
**Mediation Requested:** ☐ Yes  ☑ No
**Substantial Hardship Requested:** ☐ Yes  ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?
  ☐ Wheelchair accessible hearing room and other facilities
  ☐ Interpreter or other auxiliary aid for the hearing impaired
  ☐ Reader or other auxiliary aid for the visually impaired
  ☐ Spokesperson or other auxiliary aid for the speech impaired
  ☐ Other:

☐ I am proceeding without an attorney
☑ I have an attorney: Paul Stroebel, P.O. Box 2582, Charleston, WV 25329

# SERVED PARTIES

| | |
|---|---|
| **Name:** | West Virginia Division of Corrections and Rehabilitation |
| **Address:** | 1409 Greenbrier Street, Charleston WV 25311 |
| **Days to Answer:** 30 | **Type of Service:** Filer - Secretary of State |

| | |
|---|---|
| **Name:** | Lt. Timothy Tibbs |
| **Address:** | 1 Lois Lane, Greenwood WV 26415 |
| **Days to Answer:** 30 | **Type of Service:** Filer - Private Process Server |

| | |
|---|---|
| **Name:** | Michael Costello |
| **Address:** | 1 Lois Lane, Greenwood WV 26415 |
| **Days to Answer:** 30 | **Type of Service:** Filer - Private Process Server |

| | |
|---|---|
| **Name:** | CO Devon Toppings |
| **Address:** | 1 Lois Lane, Greenwood WV 26415 |
| **Days to Answer:** 30 | **Type of Service:** Filer - Private Process Server |

| | |
|---|---|
| **Name:** | Correctional Officer McBrayer |
| **Address:** | 1 Lois Lane, Greenwood WV 26415 |
| **Days to Answer:** 30 | **Type of Service:** Filer - Private Process Server |

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**ARIC STUTLER,**

    **Plaintiff,**

**v.**                              **Civil Action Number:**

**WEST VIRGINIA DIVISION OF**
**CORRECTIONS AND REHABILITATION,**
**LT. TIMOTHY TIBBS, MICHAEL COSTELLO,**
**CORRECTIONAL OFFICER DEVON TOPPINGS,**
**And CORRECTIONAL OFFICER MCBRAYER**

    **Defendants.**

## COMPLAINT

Comes now the Plaintiff, Aric Stutler, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his complaint against the above-named Defendants, states as follows:

1. Plaintiff, Aric Stutler (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at the North Central Regional Jail (hereinafter NCRJ). Plaintiff is currently incarcerated at Saint Marys Correctional Center.

2. West Virginia Division of Corrections and Rehabilitation (hereinafter "WVDCR") is a correctional institution funded, in whole or part, by the State of West Virginia. The WVDCR's principle or central office is located in Charleston, Kanawha County, West Virginia. The WVDCR is responsible for overseeing the jails and correctional facilities throughout the state.

3. Defendants Correctional Officer Timothy Tibbs, Michael Costello, Devon Toppings, and CO McBrayer were employed by the West Virginia Division of Corrections and Rehabilitation as correctional officers at NCRJ that used unwarranted and excessive force against the plaintiff.

4. The reckless, willful and intentional acts and omissions of the defendants directly

resulted in plaintiff being injured. Plaintiff affirmatively states that he has exhausted all administrative remedies. Plaintiff asserts that he is seeking damages up to an amount commensurate with the amount of insurance coverage when applicable to the claims made herein.

5.       All events and occurrences alleged herein occurred in the State of West Virginia.

## **FACTS**

6.       Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 5 as if set forth herein.

7.       On or about February 23, 2023, Plaintiff was incarcerated at NCRJ and had requested his medication that he had previously been receiving at Central Regional Jail. The nurse told him to shut up and Plaintiff got into an argument with the nurse. Defendant Tibbs threatened Plaintiff for arguing with the nurse and told the transport officers to bring Plaintiff to him once Plaintiff returned from court.

8.       Once Plaintiff returned to NCRJ, defendants Tibbs and McBrayer were waiting for him and Defendant Tibbs informed Plaintiff that he was being placed in the hole. Plaintiff was handcuffed, shackled, and had a belly chain on at the time of this incident. Defendants Tibbs and McBrayer took Plaintiff to the shower. Plaintiff's handcuffs were removed but he still had shackles on his legs which kept him from removing his pants and fully stripping out. Defendant Toppings entered the room and began screaming at Plaintiff to strip out, to which he tried to explain he was still shackled. Without warning, Defendant Toppings sprayed Plaintiff in his face with O.C. spray as he was standing in the shower attempting to speak with Defendant Toppings. Defendants Tibbs, Toppings, and McBrayer then entered the shower and began to kick and beat Plaintiff when Plaintiff was not resisting and was not a threat to himself or the Defendants. Once Plaintiff was taken to the ground, Defendant Toppings sprayed Plaintiff again while Plaintiff was screaming for

help from the Defendants beating him. The Defendants took the shackles off Plaintiff, removed his pants, and Defendant Toppings sprayed Plaintiff in his genitals while he was held down by the other Defendants. Defendant Tibbs then handcuffed and shackled Plaintiff again. Plaintiff was then taken down the hall and placed into a cell with another inmate.

9. Plaintiff was not decontaminated prior to being placed in the cell and was begging for assistance because he was burning and struggling to breath. Plaintiff eventually awoke to Defendant Costello hitting him in the face and telling him that there was nothing wrong with him. Plaintiff was not properly decontaminated for a number of days despite being sprayed multiple times.

10. Plaintiff was not a threat to himself, the Defendants, or anyone else at the time he was sprayed and beaten. Plaintiff suffered serious physical and emotional pain and injury from the OC spray and beating. This was and is a clear violation of the use of force policy and a violation of Plaintiff's constitutional rights.

11. Defendants Tibbs and Costello have an extensive history of using excessive and unnecessary force on inmates. Defendants Tibbs and Costello have been involved in using excessive force against at least dozens of inmates while they were correctional officers at NCRJ.

12. Plaintiff further asserts that he is seeking damages from the defendants up to an amount commensurate with the amount of insurance coverage when applicable to the claims made herein.  The individual defendants are being sued in their individual capacity and were acting under the color of state law at all times relevant herein.

13. Defendants Tibbs, Costello, Toppings, and McBrayer's conduct, carried out under the color of state law, violated WVDCR policy which addresses the duty to protect inmates from harm as well as the use of force policy adopted by the WVDCR.  The conduct described above

also violated plaintiff's right to be free from excessive physical force in violation of the Eighth Amendment to the United States Constitution. At no time was plaintiff a threat to the defendants and at no time did plaintiff fail to follow orders of the defendants. As a result of Plaintiff being sprayed with O.C. and beaten, Plaintiff suffered serious physical and emotional injury.

## COUNT I –OUTRAGEOUS CONDUCT

14. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

15. Defendant Tibbs, Costello, Toppings, and McBrayer's conduct as described herein was carried out without just cause and was outrageous and intentional, proximately causing Plaintiff to suffer severe bodily injury, severe emotional distress, humiliation, embarrassment, mental distress and loss of personal dignity as a result of the Defendants carrying out their duties.

16. Defendants Tibbs, Costello, Toppings, and McBrayer knew that such conduct was reasonably certain to cause severe emotional distress as well as physical harm. Despite said knowledge, Defendants Tibbs, Costello, Toppings, and McBrayer conducted themselves in an outrageous manner when they sprayed Plaintiff with O.C. spray and beat and kicked Plaintiff as previously described, when plaintiff posed no threat of harm to the officers, others, or himself. Defendants Tibbs, Costello, Toppings, and McBrayer's conduct was an excessive use of force and amounts to cruel and unusual punishment. Defendants Tibbs, Costello, Toppings, and McBrayer's conduct of spraying Plaintiff repeatedly without any warning and beating Plaintiff demonstrates the defendants' malicious intent. Due to the Defendants' conduct, Plaintiff has suffered severe emotional distress.

17. As a result of the aforementioned violation of plaintiff's civil rights, Plaintiff has suffered serious physical injury, mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore

entitled to compensatory damages against the defendants as well as attorney fees and costs pursuant to 42 U.S.C.§ 1988. Plaintiff is also entitled to punitive damages against the individual defendants.

## **COUNT II- VIOLATION OF 42 USC §1983**

18. Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

19. Defendants Tibbs, Costello, Toppings, and McBrayer used unnecessary and excessive force against Plaintiff when they sprayed Plaintiff with O.C. spray and beat, struck, and kicked Plaintiff when plaintiff did not pose a threat to himself or others. This conduct was unwarranted, unnecessary and unjustified. Defendants Tibbs, Costello, Toppings, and McBrayer's actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation, embarrassment, pain and emotional distress upon him and were carried out under the color of the law of the State of West Virginia. The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America. At no time did the defendants employ any efforts to temper. Defendants' conduct was unnecessary and excessive and is cruel and unusual punishment. Defendants' use of excessive force on a compliant inmate demonstrates the unconstitutional nature of the excessive force as well as the malicious intent.

20. The use of force on Plaintiff when he posed no threat to himself or others was a violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution to be free from unreasonable intrusions on his bodily integrity. Defendants Tibbs, Costello, Toppings, and McBrayer's use of excessive force was cruel and unusual punishment. This cruel and unusual punishment was carried out without any just cause and was completely unwarranted. Correctional Officers such as the defendants receive training that identifies such conduct as a constitutional

violation of an inmate's rights. The failure to make any effort to temper is further evidence of defendants' malicious conduct.

21.     The conduct of Defendants Tibbs, Costello, Toppings, and McBrayer was so egregious and outrageous, so as to constitute an abuse of power in violation of Plaintiff's rights under the Eighth Amendment. Further, Defendants' acts, as set forth herein, were done while acting under the color of state law with the knowledge that such conduct violated plaintiff's constitutional rights. Defendants Tibbs, Costello, Toppings, and McBrayer would have known that their conduct violated plaintiff's constitutional rights as a result of legal precedent and his training.

22.     As a result of the aforementioned violation of plaintiff's civil rights, Plaintiff has suffered serious physical injury, mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages against the defendants as well as attorney fees and costs pursuant to 42 U.S.C.§ 1988. Plaintiff is also entitled to punitive damages against the individual defendants.

## COUNT III - VICARIOUS LIABILITY

23.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 17 as if fully set forth herein.

24.     Defendant WVDCR is variously liable for the conduct of its employees, Defendants Tibbs, Costello, Toppings, and McBrayer, who were acting within the scope of their employment as described herein for the allegations set forth in Count I of this Complaint.

25.     The actions of the defendant correctional officers occurred while they were working for the WVDCR. Defendants Tibbs, Costello, Toppings, and McBrayer were acting within the scope of their employment during the events described herein for the allegations set forth in Count

I of this Complaint. They were employed by WVDCR, were working at their place of employment, and acting within the scope of their employment at the time of this incident.

26.　"An employer may be liable for the conduct of an employee, even if the specific conduct is unauthorized or contrary to express orders, so long as the employee is acting within the general scope of his authority and for the benefit of the employer." *Travis v. Alcon Laboratories, Inc.*, 202 W.Va. 269, 281, 504 S.E.2d 419, 431 (W.Va. 1998); *See also Crawford v. McDonald*, No. 21-0732 (W.Va. Mar. 31, 2023). Plaintiff asserts that the Defendants' conduct was within the scope of his authority and for the employer's benefit.

27.　As a result of this conduct, Plaintiff suffered serious physical injury, including but not limited to serious physical and emotional injury. Plaintiff also suffered severe mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages against the defendants as well as attorney's fees and costs. Plaintiff is also entitled to punitive damages against the individual Defendants. WVDCR is vicariously liable for Defendants Tibbs, Costello, Toppings, and McBrayer's conduct because they were acting within the general scope of their employment.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants and requests that the Court award damages including, but not limited to, physical injury, medical expenses, past and future medical expenses, damages for emotional and mental distress and punitive damages (against the individual Defendants only) court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses. Plaintiff does not seek punitive damages from the WVDCR.

PLAINTIFF DEMANDS A TRIAL BY JURY.

          ARIC STUTLER,
          By Counsel,

/s/ Paul Stroebel_____
Paul E. Stroebel, Esquire (WV BAR 13269)
Stroebel & Stroebel, PLLC
405 Capitol Street; Suite 102
P.O. Box 2582
Charleston, WV 25329
Telephone: (304) 346-0197
Fax: (304) 346-6029
E-mail: paulstroebel1@gmail.com